FULLER and others *v.* CLARK.

Where the owner of a lot contracted with a carpenter for the erection of a house, including, among other details, the painting, and the sashes and blinds, and an action was brought against the owner by a third person to recover for the sashes and blinds—such third person alleging that he made them by the owner's request and on his credit; *held*, that proof that the owner employed the person who did the painting, was not competent, and did not tend to establish the employment, in like manner, of a different person from the original contractor, to make the sashes and blinds.

APPEAL by the defendant, from one of the district courts. The opinion states the case.

BY THE COURT. WOODRUFF, J.—I think there is evidence in the case quite sufficient to sustain the judgment rendered below. One witness swears that the defendant promised to pay the bill rendered by the assignors of the plaintiffs, and although this is contradicted, we could not say that the finding of the justice is clearly against the weight of the evidence.

But the case was very nearly balanced upon the evidence, and there remains to be considered the second ground of appeal, viz., whether the evidence of Wm. Wentzer was admissible. The defendant had agreed with one Travor (or Trabor) to do the carpenter's work for a certain house, including the blinds and sashes, for the making of which by the plaintiff's assignors (Aught and another) this suit is brought. There was doubt upon the evidence whether the blinds and sashes were made upon Travor's credit or whether the defendant had so conducted in reference to giving an order therefor as to make himself personally liable.

Under that state of the proofs, the justice permitted the plaintiffs to examine William Wentzer, to show that the defendant did contract with him (Wentzer) for a job of painting, having no connection with the sashes and blinds, but which was also included in Travor's contract.

This was not competent; it did not warrant any inference

whatever in regard to the sashes and blinds, and we cannot say that it had no influence on the mind of the justice. The very circumstance that he received it, notwithstanding the defendant's objection, warrants an apprehension that he may have been influenced by it.

The judgment must on this ground be reversed.

Judgment reversed.